(2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As a preliminarily matter, we lack jurisdiction to consider He's argument that he is entitled to CAT relief because He failed to raise this challenge to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we dismiss his petition for review to that extent.[1]

We find no error in the BIA's conclusion that He failed to establish either past persecution or a well-founded fear of future persecution. *See Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000). For instance, his asylum application explicitly stated that his mother underwent an abortion procedure on May 18, 2001—ten days after the alleged warrant issued on May 8, 2001—"because she feared that officials would arrest [He] and imprison [him.]" It was therefore not unreasonable for the agency to conclude that He's alleged fear of persecution was diminished, if not mooted, by the fact of his mother's abortion. Moreover, the BIA properly noted that He never offered any testimony about the alleged warrant, or expressed any fear of persecution based on the warrant. In light of this and other record evidence, the agency's denial of asylum was not improper.

As He was unable to show the objective likelihood of persecution needed to estab-

lish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**CSX CORPORATION, Petitioner,**

**Michael Ward, Third–Party Defendant,**

v.

**The CHILDREN'S INVESTMENT FUND MANAGEMENT (UK) LLP, et al., Respondents.**

No. 08–2899–cv.

United States Court of Appeals, Second Circuit.

Sept. 15, 2008.

---

1. Furthermore, because He did not pursue before the BIA or this Court any claims based on (1) his alleged illegal departure from China or (2) his desire to have more children than would be allowed under China's family planning policy, we deem those claims abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

Christopher Landau, P.C., Kirkland & Ellis LLP, Washington, D.C., for Petitioners.

Rory O. Millson, Cravath, Swaine & Moore LLP, New York, NY, for Respondent.

Present: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

We decide that issue alone at this time. An opinion of the court will follow.

**UNITED STATES of America,
Appellee,**

v.

**Hector Manuel RAMOS, Defendant–
Appellant.**

**No. 07–0729–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.